O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>　　　　Plaintiff,<br>　　v.<br>M. SPEARMAN,<br>　　　　Defendant. | Case No. 2:12-cv-7211-RGK(MANx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE [64]** |

Pending before the Court is Plaintiff Adrian Moon's Motion to Recuse Judge R. Gary Klausner. (ECF No. 64.) Having considered Plaintiff's arguments, the Court deems the matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file an affidavit setting forth facts and reasons for his belief that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976). Further, the alleged bias must be from an extrajudicial source and

"result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Under 28 U.S.C. § 455, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). But the substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same—"Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

This is not the first time Plaintiff filed a motion to recuse Judge Klausner. This Court denied an earlier recusal motion. (ECF No. 27.) This time around, Plaintiff makes the same general allegations of bias. In addition, Plaintiff complains that his motions were denied—and linking that to judicial bias.

Again, these allegations are insufficient to support disqualification. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Though the rulings have not been in Plaintiff's favor, the Court finds no evidence of judicial bias.

Instead, the Court finds Plaintiff's conduct vexatious and his papers unintelligible. Plaintiff filed in 2012, nine lawsuits for habeas corpus and civil rights violations relating to his incarceration. Plaintiff continues to paper the Court with motions and complaints. In law, quantity is not a substitute for quality.

The remedy for Plaintiff's dissatisfaction is to appeal; a disqualification motion serves no purpose unless personal bias is established. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."). And if Plaintiff lacks the ability to make his own case, he should spend his efforts trying to retain pro bono counsel.

In sum, the Court finds that Plaintiff's motion fails to state sufficient facts and reasons to disqualify Judge Klausner under 28 U.S.C. §§ 144 or 455. Plaintiff's

assertions do not show any personal bias stemming from an extrajudicial source. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

May 2, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**